NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: AFFORDABLE PATIOS & SUNROOMS, DBA Reno Patio and Fireplaces, DBA Reno Patio*, <br><br> Debtor, <br><br> ------------------------------ <br><br> CHRISTOPHER P. BURKE, Chapter 7 Trustee, <br><br> Appellant, <br><br> v. <br><br> LEGACY FIRE SERVICES, LLC, <br><br> Appellee. | No. 22-60059 <br><br> BAP No. 22-1063 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Taylor, and Brand, Bankruptcy Judges, Presiding

Submitted March 7, 2024**
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Christopher T. Burke, the Chapter 7 Trustee (the Trustee) appointed to administer the estate of Affordable Patios & Sunrooms d/b/a Reno Patio and Fireplaces, appeals from an order of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's order granting summary judgment to Legacy Fire Services, LLC (Legacy). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the bankruptcy court's grant of summary judgment. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). Because the parties are familiar with the facts, we do not recount them except as necessary to provide context. We affirm.

In granting summary judgment to Legacy, the bankruptcy court held that there were numerous unsettled material terms that precluded the formation of a real estate contract between the Trustee and Legacy, such that the Trustee's claim for turnover of a debt pursuant to 11 U.S.C. § 542(b) against Legacy for breach of contract failed as a matter of law. On appeal, the Trustee argues that the bankruptcy court erred because it disregarded genuine disputes of fact over whether a contract ever formed.

Nevada law is clear that "preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite." *Id.* Material terms often include "subject matter, price, payment terms, quantity, and quality." *In re Est. of Kern*, 823 P.2d 275, 277 (Nev. 1991). Viewing the evidence in the light most

2

favorable to the Trustee, *see T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987), we conclude that, because the parties never reached agreement as to the "quality" or "quantity" of the property, no contract ever formed between the Trustee and Legacy as a matter of law.

In its "formal offer" letter to the Trustee, Legacy expressed interest in purchasing "the three buildings and associated land" at 910 Glendale Avenue and stated that the Trustee should contact Legacy "to discuss possible contingencies and further terms of an agreement." The latter phrase, on its face, refutes the Trustee's contention below that "Legacy never advised [the Trustee] that it wanted to negotiate any other specific conditions." In particular, nothing in Legacy's letter resolved the crucial issue of what the quality of the property had to be in connection with the sale. The undisputed evidence shows that, during a visit to the property, representatives from Legacy were unable to access at least one of the three buildings on the property, which was occupied by squatters. And as the Trustee put it in his moving papers below, the property was also littered with a "great deal of debris" that presented "a potential fire hazard." On this record, no reasonable trier of fact could conclude that the parties had come to agreement as to what the condition of the property had to be. The only reasonable reading of Legacy's letter is that this critical term would be the subject of further discussions before a sufficient agreement would be reached.

Moreover, the Trustee acknowledged that, for Legacy, a crucial aspect of the

3

sale was that all three buildings be included.  Nonetheless, the Trustee's purported written acceptance of Legacy's "formal offer" confusingly agreed to sell "the commercial building"—singular—"at 910 Glendale Ave."  Indeed, when asked at his deposition to identify issues that might be among the "further terms of agreement" that would have to be clarified, the Trustee noted that Legacy "wanted to make sure that [the sale] included the three buildings," with no liens.  On this record, the only reasonable conclusion is that the parties' exchange of letters did not suffice to resolve the crucial question of "quantity."

Because Nevada law is clear that a contract does not come into existence at all "when material terms are lacking or are insufficiently certain and definite," *May*, 119 P.3d at 1257, the bankruptcy court properly concluded that no contract was formed here.

**AFFIRMED.**